May 21, 2008

Hon. Leonard B. Sand
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re: USA v. Rene Rodriguez
         08 Cr. 89 (LBS)

Dear Judge Sand;

      In response to the Presentence Report:

      Paragraph 17 - Defendant believes he was a minor participant in the criminal conduct as per USSG @ 3B1.2(b). Rodriguez was to be paid $2000 to take the counterfeit currency from upper Manhattan to the Bronx. Rodriguez had no proprietrary interest in the funds, or the transaction, and was hired to make the delivery only to shield the transaction principals from detection. Rodriguez performed a limited function in the criminal activity involving others. Performing the delivery man function only makes Rodriguez less culpable than the average participant in counterfeit transactions.

      Consequently, Rodriguez believes his proper Total Offense level is 12.

      Defendant believes the law of sentencing is now as follows. In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court ruled that the Washington State sentencing structure violated the Sixth Amendment right to trial by jury because it permitted a Judge to impose a

sentence in excess of the statutory maximum.  The Blakely, supra. decision repeats the rule expressed in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.  The January 12, 2005, Supreme Court decision in USA v. Booker, and USA v. Fanfan, 125 S. Ct. 738 (2005), concluded that the Sixth Amendment as construed in Blakely v. Washington, supra. applies to the Federal Sentencing Guidelines.  The Booker Court held the mandatory application of the sentence guidelines to be unconstitutional.

In Booker, supra. the Supreme Court further held that 18 USC @ 3553(b)(1) which makes the Federal Sentencing Guidelines mandatory,  is incompatible with the Sixth Amendment jury trial holding and therefore must be severed and excised from the Sentencing Reform Act of 1984.  Section 3742(e), which depends upon the Guidelines mandatory nature, also must be severed and excised.   While the Guidelines no longer play a mandatory role at sentencing judges are required to "consider the Guidelines' sentencing range established for ... the applicable category of offense committed by the applicable category of defendant' @3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims @@3553(a)(1),(3),(5)-(7) (main ed. And Supp. 2004)." United States v. Booker, 125 S. Ct. 738, 764 (2005).

In sentencing defendants, district courts should consider the factors set forth in 18 USC @ 3553(a).  The statute provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and the statute then sets forth 7 specific considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the

defendant;

 (2) the need for the sentence imposed -

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  C) to protect the public from further crimes of the defendant;

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

 (3) the kinds of services available;

 (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

 (5) any pertinent policy statement [issued by the Sentencing Commission];

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victims of the offense.

 On December 10, 2008, in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007), the United States Supreme Court ruled that the Guidelines are but one factor, with no primacy, that the District Court must consider in its "individualized assessment" regarding sentencing. The Guidelines are just the "starting point and the initial benchmark" in the sentencing calculus.

 Mr. Rodriguez is the father of 2 children; Helisy age 6, and Renesy, age 3. The children reside with defendant's mother, and their mother, and defendant's girlfriend Maria Calderon, in the Bronx.

 Mr. Rodriguez is in need of corrective surgery because of misshapen irises. He also

suffers from high cholesterol, and elevated blood sugar. While in need of medication for these ailments, none has been provided by the Bureau of Prisons.

      Mr. Rodriguez always worked to support his family.

      Mr. Rodriguez's incarceration at the MDC has been difficult. He has been incarcerated continuously since the date of his arrest on January 5, 2008. The MDC is overcrowded. The bathroom consists of 1 shower head, 1 toilet, and 1 face basin with 2 faucets. The prison area has a roach and fly problem. No exterminator is ever called in. Defendant has feared infection from co-mingled inmates with HIV. The dorm has no ventilation. Mold and mildew are ever present on the prison interior walls. The mops used to clean the bathroom are washed in the same washing machine used to wash the clothes. Mr. Rodriguez cannot get bleach to disinfect this.

      Letters, and other materials from defendant's family and friends that Mr. Rodriguez requests the Court consider in connection with sentencing will be forthcoming as soon as they are received.

      Because Mr. Rodriguez will be deported, he respectfully requests a sentence of time served. Even though he will be deported, Mr. Rodriguez will do everything possible to support his family.

      Respectfully,

      B. Alan Seidler

cc:    AUSA Amy Lester
       Probation Officer K. Minus-Shepard
       Rene Rodriguez

bas/ee